UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AARON GONZALEZ,

        Plaintiff,                        Case No. 1:25-cv-670

v.                                              Honorable Ray Kent

C. KING et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendants are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain

2

a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains occurred there. Plaintiff sues the following LRF personnel: Warden C. King, Assistant Deputy Warden Unknown Martin, Inspector Unknown Jensen, Sergeant Unknown Derwin, and Correctional Officers Unknown Rought, Unknown Wildfong, and Unknown Wheeler.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In his complaint, Plaintiff alleges that on February 10, 2025, Defendants Rought and Wildfong were passing out dinner trays when Plaintiff "purposefully stopped [his] cell door from closing because [he] needed to speak to shift command." (Compl., ECF No. 1, PageID.4.) When Plaintiff did so, Defendants Rought and Wildfong gave Plaintiff a direct order to move away from the door; Plaintiff refused to do so. (*Id.*) Defendants Rought and Wildfong then ordered Plaintiff to turn around and cuff up; Plaintiff refused that order as well. (*Id.*) Plaintiff indicated that he would cuff up when the sergeant arrived. (*Id.*) Plaintiff avers that "[d]uring this whole incident [he] never stepped out of [his] cell." (*Id.*)

When Plaintiff refused to cuff up, Defendants Rought and Wildfong took hold of Plaintiff's right arm and tried to forcefully pull Plaintiff out of his cell, but failed to do so. (*Id.*) They then tried to push Plaintiff back into the cell so that the door could be secured, but failed to do that as well. (*Id.*) At that time, non-party Officer Ross walked into the unit and approached Defendants Rought and Wildfong. (*Id.*) Plaintiff contends that Defendant Rought "had a tight grip on [Plaintiff's] right arm with both his hands and [Defendant] Wildfong had one hand gripping [Plaintiff's] right wrist." (*Id.*) Officer Ross called for a sergeant to come to the unit. (*Id.*) Plaintiff contends that while they waited for the sergeant, Defendants Rought and Wildfong "kept a tight grip on [Plaintiff's] right arm." (*Id.*)

When Defendant Derwin arrived and approached Plaintiff's cell, he asked about the situation, and Plaintiff "explained to her the issue and what [his] problem was when [they] finally came to a conclusion." (*Id.*) Defendant Derwin asked Plaintiff if he was going to let them secure the cell door, and Plaintiff said "yes." (*Id.*) Defendants Rought and Wildfong then let go of Plaintiff's arm, and his cell door was secured. (*Id.*)

4

Plaintiff goes on to allege that when Defendant Jensen investigated Plaintiff's grievance regarding "inhumane treatment and excessive force," Defendant Jensen "failed at his duties to properly investigate the incident, and denied [the] grievance for insufficient evidence." (*Id.*, PageID.4–5.) Defendant Jensen denied Plaintiff's grievance on the basis that the video did not show any physical contact between Plaintiff and Defendants Rought and Wildfong; Plaintiff speculates that Defendant Jensen "either did not watch the right time frame or he saw the video and is trying to cover-up for his coworkers." (*Id.*, PageID.5.) Plaintiff states that Defendant Wheeler was also involved in this faulty investigation and indicated that there was no physical contact between Plaintiff and Defendants Rought and Wildfong. (*Id.*) Plaintiff alleges further that Defendants King and Martin "signed off on this investigation without further investigations." (*Id.*)

Based upon the foregoing, Plaintiff asserts Eighth Amendment excessive force claims against Defendants Rought and Wildfong. (*Id.*) He also contends that Defendants Rought and Wildfong violated various MDOC policies and procedures regarding inhumane treatment and the use of force. (*Id.*) Plaintiff alleges further that Defendants King, Martin, Jensen, Derwin, and Wheeler did not follow policy and procedure and "falsified and lied on an open investigation." (*Id.*) The Court construes Plaintiff's complaint to be asserting claims premised upon the handling of his grievance against Defendants King, Martin, Jensen, Derwin, and Wheeler, as well as Fourteenth Amendment substantive due process claims against Defendants King, Martin, Jensen, Derwin, and Wheeler. Plaintiff seeks injunctive relief, as well as punitive, compensatory, and nominal damages. (*Id.*, PageID.6.)

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

5

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Claims Against Defendants Rought and Wildfong

As set forth *supra*, Plaintiff asserts Eighth Amendment excessive force claims against Defendants Rought and Wildfong. He also contends that Defendants Rought and Wildfong

violated various MDOC policies and procedures regarding inhumane treatment and the use of force.

### 1.     Excessive Force

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous", nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that "[n]ot every push or shove . . . violates a prisoner's constitutional rights" (internal quotation marks omitted)). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)), *quoted in Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273

7

F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9 (internal quotation marks omitted). The objective component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

However, the Court notes that the "absence of serious injury" is relevant to the Eighth Amendment inquiry. *Wilkins*, 559 U.S. at 37 (citing *Hudson*, 503 U.S. at 7).

> "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." [*Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)]. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the

8

> use of force is not of a sort repugnant to the conscience of mankind." *Id.*, at 9–10 (some internal quotation marks omitted). *An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id.*, at 9 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)).

*Wilkins*, 559 U.S. at 37–38 (emphasis added).

Here, Plaintiff's claims against Defendants Rought and Wildfong fall squarely into the *Wilkins* description of allegations that "almost certainly fail[] to state a valid excessive force claim." *Id.* at 38. As set forth above, Plaintiff alleges that when he refused to cuff up, Defendants Rought and Wildfong took hold of Plaintiff's right arm and tried to pull him out of the cell, and then tried to push him back into the cell when they were unable to pull him out. (Compl., ECF No. 1, PageID.3.) Plaintiff states further that Defendant Rought had a "tight grip" on his right arm and Defendant Wildfong "gripp[ed]" Plaintiff's right wrist." (*Id.*) Although Plaintiff describes Defendants Rought and Wildfong as acting "forcefully," he presents no further facts about the force used by Defendants Rought and Wildfong, and Plaintiff makes no mention whatsoever of any injury that occurred as a result of Defendants Rought and Wildfong's behavior. Plaintiff appears to ask the Court to fabricate plausibility to his claims from mere ambiguity; however, ambiguity does not support a claim. While the Court does not condone such behavior, in light of the clear guidance set forth in *Wilkins*, the Court concludes that the facts alleged by Plaintiff in describing the use of force and its consequences (or lack thereof) do not support an inference that the force used by Defendants Rought and Wildfong against Plaintiff was excessive. Accordingly, Plaintiff's Eighth Amendment excessive force claims against Defendants Rought and Wildfong will be dismissed.

### 2.     **Violations of MDOC Policy and Procedure**

Plaintiff also alleges that Defendants Rought and Wildfong violated various MDOC policies and procedures regarding inhumane treatment and the use of force. (Compl., ECF No. 1,

9

PageID.5.) The Court will liberally construe these references as an attempt to assert claims under § 1983 for the violation of MDOC policy. However, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertions that Defendants Rought and Wildfong violated MDOC policy and procedure fail to state a claim under § 1983.

Furthermore, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts have routinely recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim*, 461 U.S. at 250; *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegations that Defendants Rought and Wildfong violated MDOC policy and procedure fail to state a cognizable federal claim, and Plaintiff's § 1983 claims regarding the violation of policy will be dismissed.

### B.  Claims Against Defendants King, Martin, Jensen, Derwin, and Wheeler

In his complaint, Plaintiff alleges that Defendants King, Martin, Jensen, Derwin, and Wheeler did not follow policy and procedure and "falsified and lied on an open investigation." (Compl., ECF No. 1, PageID.5.) The Court construes Plaintiff's complaint to be asserting claims against Defendants King, Martin, Jensen, Derwin, and Wheeler premised upon the handling of his grievance.

As an initial matter, various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459

U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Moreover, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, any interference with the grievance process or inadequate responses to Plaintiff's grievances did not deprive Plaintiff of due process.

Moreover, to the extent that Plaintiff intended to allege that his right to petition the government was violated by any interference with the grievance process, this right is not violated by a failure to process or act on his grievances. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Likewise, any inaction or action by Defendants King, Martin, Jensen, Derwin, and Wheeler did not bar Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union,*

*Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *Cf. Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required).

Furthermore, § 1983 liability may not be imposed simply because an official denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, to the extent that Plaintiff seeks to hold Defendants King, Martin, Jensen, Derwin, and Wheeler liable due to their respective supervisory positions, he fails to state such a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that

12

> the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege facts suggesting that Defendants King, Martin, Jensen, Derwin, and Wheeler encouraged or condoned the conduct of Defendants Rought and Wildfong, or authorized, approved, or knowingly acquiesced in that conduct. As set forth *supra*, all of these individuals were involved in investigating and responding to Plaintiff's grievance, but that is insufficient to establish liability under § 1983. *See Shehee*, 199 F.3d at 300. Moreover, to the extent that Plaintiff suggests that Defendants King, Martin, Jensen, Derwin, and Wheeler violated MDOC policy and procedure, those § 1983 claims fail for the same reasons set forth above. *See supra* Part II.A.2.

Finally, given Plaintiff's assertion that Defendants King, Martin, Jensen, Derwin, and Wheeler lied and falsified the investigation regarding Defendants Rought and Wilfong's actions, the Court has liberally construed Plaintiff's complaint to assert Fourteenth Amendment substantive due process claims against Defendants King, Martin, Jensen, Derwin, and Wheeler. "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates

13

the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

Here, although Plaintiff alleges that Defendants King, Martin, Jensen, Derwin, and Wheeler lied and falsified the investigation, the facts alleged in the complaint fall short of showing the sort of egregious conduct that would support a substantive due process claim. *Cf. Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (holding that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power"), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc); *Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016). Therefore, any intended Fourteenth Amendment substantive due process claims against Defendants King, Martin, Jensen, Derwin, and Wheeler will also be dismissed.

Accordingly, for all of the foregoing reasons, Plaintiff has failed to state cognizable claims pursuant to § 1983 against Defendants King, Martin, Jensen, Derwin, and Wheeler. The Court, therefore, will dismiss those Defendants for Plaintiff's failure to state a claim upon which relief can be granted against them.[2]

---

[2] The Court notes that, in his complaint, Plaintiff also suggests that Officer Ross was also involved in falsifying and lying during the investigation into the incident. (Compl., ECF No. 1, PageID.5.) However, Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). For that reason alone, any intended claim against Officer Ross is subject to dismissal. Furthermore, for the

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11.

A judgment consistent with this opinion will be entered.

Dated:  July 1, 2025               /s/ Ray Kent
                                   Ray Kent
                                   United States Magistrate Judge

---

same reasons that Plaintiff fails to state a claim against Defendants King, Martin, Jensen, Derwin, and Wheeler, he fails to state a claim for relief against Officer Ross.